﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190625-12395
DATE: March 31, 2020

ORDER

Entitlement to an initial 10 percent rating, but no higher, for a neck disability is granted. 

FINDING OF FACT

For the entire period on appeal, the Veteran’s neck disability is manifested by flexion limited to, at worst, 35 degrees.

CONCLUSION OF LAW

The criteria for an initial 10 percent rating for a neck disability are met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.7, 4.71a, Diagnostic Code 5237 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law created a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran had active military service from May 2009 to May 2010.

The Veteran was granted entitlement to service connection for a neck disability and assigned a noncompensable rating in an April 2019 rating decision. In May 2019, the Veteran filed a timely VA Form 20-0996 disagreeing with the noncompensable rating assigned and requested higher-level review. In a June 2019 rating decision, the noncompensable rating for the Veteran’s neck disability was continued. The Veteran filed a timely VA Form 10182, and elected direct review by the Board of Veterans’ Appeals (Board). The Board will consider the evidence of record at the time of the June 2019 rating decision on appeal. 

Increased Rating – Cervical Spine

The Veteran contends that she should have a higher initial rating for her neck disability.

At a February 2019 VA examination, the Veteran reported that her disability began while training in Georgia. She reported that her symptoms were worse over time, but were bearable with constant chiropractic/massage through her private insurance. The Veteran reported flare-up of her neck disabilities. She reported that during a flare-up her neck disability resulted in burning muscle aches and an inability to move her head. The Veteran denied functional loss of functional impairment of her neck. Upon physical examination, the cervical spine range of motion measurements were as follows: flexion to 35 degrees, extension to 40 degrees, right and left lateral flexion to 30 degrees each, and right and left lateral rotation to 60 degrees each. There was no pain on examination and there was no tenderness to palpation. There was also no pain noted on passive range of motion measurements. The Veteran was able to perform repetitive testing and there was no additional limitation of function following repetition. The examiner noted that functional ability was not further limited by pain, fatigue, weakness, lack of endurance, or incoordination after repeated use over a period of time or during a flare-up. There was no guarding or muscle spasm. Muscle strength testing was normal and there was no atrophy. Deep tendon reflex examination and sensory examination were normal. There was no ankylosis. The Veteran was noted to have intervertebral disc syndrome, but had not experienced incapacitating episodes in the prior 12-month period. 

A review of the record shows that the Veteran receives treatment at the VA Medical Center for various disabilities. A review of those treatment notes of record does not show the Veteran to have neck disability symptoms worse than those reported in the VA examination of record, to include range of motion.

The Board finds that the Veteran is entitled to an initial rating of 10 percent, but not higher, for her neck disability. In this regard, at her February 2019 VA examination she was noted to have cervical spine flexion to 35 degrees. Therefore, the Board finds that entitlement to an initial 10 percent rating is warranted. 38 C.F.R. § 4.71a, Diagnostic Code 5237 (2019).

Consideration has been given a higher rating for the Veteran’s neck disability. However, there is no indication that the Veteran has flexion limited to 30 degrees or less. Further, the February 2019 VA examiner specifically noted that there was no additional limitation of function due to pain, weakness, fatigability, lack of endurance or incoordination; to specifically include during a flare-up or following repeated use over time. 38 C.F.R. §§ 4.40, 4.45 (2019). As such, even with consideration of all pertinent disability factors, there remains no basis for assignment of an initial rating in excess of 10 percent for the Veteran’s neck disability. 38 C.F.R. § 4.71a, Diagnostic Code 5237 (2019).

Consideration has also been given to assigning a higher rating based on incapacitating episode. However, while the record does show the Veteran to have intervertebral disc syndrome, there is no indication from the record that she has experiencing incapacitating episodes requiring medically prescribed bed rest. As such, the Board finds that the Veteran is appropriately rated based on pain and limitation of motion § 4.71a, Diagnostic Code 5243 (2019).

The Board notes that the Veteran is already in receipt of a separate compensable rating for left upper extremity neurological impairment and that rating is not currently before the Board. As such, that issue will not be discussed in this decision. However, consideration has been given to assigning a separate compensable rating for right upper extremity neurological impairment. However, there is no indication from the record that the Veteran experienced neurological impairment in her upper right extremity. The February 2019 VA examiner specifically notes the only neurological symptoms found on examination affected the left upper extremity. As such, a separate rating for right upper extremity neurological impairment is not warranted at this time. 38 C.F.R. § 4.124a, Diagnostic Code 8513 (2019).

Consideration has been given to assigning staged ratings. However, at no time during the period in question has the disability warranted a higher schedular rating than that assigned. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Ivan Franklin

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.